Severo TUMANING, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–193.**

United States Court of Veterans Appeals.

Feb. 1, 1993.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran Severo Tumaning, appeals from a December 31, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying him a combined service-connected rating in excess of 40% for two service-connected disabilities individually rated at 30% and 20%. *Severo Tumaning*, BVA 91–41227, at 3 (Dec. 31, 1991). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate here because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet. App. 23, 25–26 (1990). Because the veteran has not presented a well-grounded claim, the Court will grant the Secretary's motion and affirm the Board's decision.

The veteran had recognized service in the Philippine Army from March 1945 to May 1946. R. at 1. In April 1945, he received

gunshot wounds (GSW) to the left shoulder girdle and left arm (R. at 1), causing damage to muscle groups I, II, V, and VI. (R. at 2–7, 21). The veteran also sustained a fracture to the shaft of the distal one-third of the left humerus, causing a one-inch shortening of the left arm. *Ibid.* A Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) awarded him service connection for both of these disabilities, individually rated as 30% and 20% disabling, respectively, for a combined rating of 40%. R. at 8–9, 21–22. Although not disputing the RO's individual rating decisions, the veteran challenges the combined disability rating of 40%. R. at 29, Br. at 1.

■ The law directs the Secretary to provide for ratings based on the combination of ratings for veterans suffering from multiple service-connected disabilities. *See* 38 U.S.C. § 1157 (formerly § 357). The Secretary has prescribed a table for combined ratings in 38 C.F.R. § 4.25 (1991). This Court lacks jurisdiction to review that schedule as adopted by the Secretary. *See* 38 U.S.C. §§ 1155, 7252(b) (formerly §§ 355, 4052). Pursuant to § 4.25, combined disability ratings are calculated by adding the highest disability rating to an adjusted rating for the less severe disability. This adjusted value is computed by first subtracting the highest disability rating from 100%. The value of the lower disability rating, as determined by the RO, is then expressed as a percentage of the remainder after completing the computation just described. The combined value of the highest disability rating and the adjusted rating will then be converted to the nearest number divisible by ten. 38 C.F.R. § 4.25.

■ In this case, it is clear that 40% is the combined disability rating for two disabilities individually rated at 30% and 20%. After subtracting the highest disability rating of 30% from 100%, the adjusted rating of the less severe disability, rated by the RO at 20%, will be 20% of 70%, or 14%. This adjusted disability rating is then added to the 30% disability rating for a combined rating of 44%. After converting this rating to the nearest number divisible by ten, the combined disability rating is 40%. Thus, because there is no plausible basis upon which his 30% and 20% service-connected disability ratings could be combined to give a rating in excess of 40%, the veteran has failed to submit a well-grounded claim for relief. *See* 38 U.S.C. §§ 1157, 5107(a) (formerly §§ 357, 3007); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (a well-grounded claim is a "plausible" claim). The Court holds that the BVA, in arriving at a 40% combined disability rating, was without error in applying the combined ratings formula set forth in 38 C.F.R. § 4.25.

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit of the doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7104(d)(1), 7261 (formerly §§ 4004, 4061), 5107(a), and 7252. The Court grants the Secretary's motion for summary affirmance and summarily affirms the December 31, 1991, BVA decision.

AFFIRMED.